IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Dan Campell,                          Case No. 3:10CV2818
                                                                    (3:08CR196)
         Petitioner

       v.                                            ORDER

United States of America,

         Respondent

      This is a *pro se* action under 28 U.S.C. § 2255. Defendant/Petitioner asserts four claims: 1) ineffective assistance of counsel for failure to file a notice of appeal from his sentence; 2) ineffective assistance of counsel due to assert a defense (reliance on legal advice from co-conspirator/ignorance of the law); 3) illegal sentence; and 4) prosecutorial failure to disclose exculpatory material.

      For the reasons that follow, the petition shall be denid.

**Background**

      Defendant pled guilty on May 5, 2008, to a one-count Information charging conspiracy with several other individuals to commit mail and wire fraud. The gravamen of the underlying conduct was that defendant, in the course of assisting his co-conspirators' mortgage fraud scheme, unlawfully advanced the purchasers' closing costs. In addition, he misrepresented those costs as coming from them, rather than himself.

I postponed sentencing for more than two years awaiting the sale of certain property in Lima, Ohio. During that interval, defendant did seek to withdraw his plea or suggest that he was not guilty of the conspiracy charge to which he pled. Only following my imposition of an eight month sentence has he objected to what has happened to him.

The government filed a one-count information charging defendant with conspiracy to commit mail and wire fraud. The information listed eleven properties in which the fraudulent activity occurred. It also referenced five properties which the defendant "flipped" by having his elderly mother act as a straw purchaser.

Defendant pled guilty pursuant to a non-binding plea agreement. The parties stipulated that the "facts stated in the Information are true and accurate and incorporated herein."

With respect to the amount of loss and guidelines enhancement for loss, the Plea Agreement acknowledged that the parties were unable to reach an agreement at the time of the plea:

> At the present time, the parties are unable to agree as to the amount of loss. The parties will seek to reach an agreement prior to the date of sentencing in this case. If they are unable to reach an agreement, they will submit the matter to the Court at the time of sentencing for a determination as to the amount of loss.

Plea Agreement ¶ 4b.

The parties also agreed that determination of the amount of restitution was deferred until the time of sentencing. Plea Agreement ¶ 6.

Defendant waived his right to appeal, with very limited exceptions. Plea Agreement ¶ 10.

## Discussion

### A. Ineffective Assistance of Counsel: Failure to File Notice of Appeal

To establish ineffective assistance of counsel, a petitioner must make two showings: 1) his counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and 2) the deficient performance prejudiced his defense, in that it adversely affected the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

If the defendant's attorney otherwise met his Sixth Amendment obligations to the defendant, any failure to file a notice of appeal, even defendant told him to do so, did not deprive him of this Sixth Amendment rights. This is so because the plea agreement included a waiver of the right to appeal subject to limited exceptions not at issue here. The Sixth Circuit has consistently upheld such waivers, *see e.g., U.S. v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004) ("Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily."

Had defendant's attorney filed a notice of appeal, it would have been dismissed in light of the defendant's waiver of the right to appeal in the plea agreement. Thus, the failure of defendant's attorney to file a notice of appeal did not violate the Sixth Amendment. *E.g., McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996) ("We . . . reject [defendant's] claim that his attorney was ineffective for failing to pursue this matter since to do so would have been futile. It is not ineffective assistance to fail to raise erroneous claims").

### B. Ineffective Assistance of Counsel: Failure to Assert Actual Innocence

Defendant claims that he was actually innocent of any criminal activity. The gravamen of his contention is that he relied on assurances by others, including title companies and a co-conspirator that his conduct was lawful. (Doc. 44, at 6-8).

Had his lawyer advanced his claim that he misunderstood the law as a result of what others told him, such claim would have been unavailing:

> It is a fundamental tenet of criminal law that an honest mistake of fact negatives criminal intent, when a defendant's acts would be lawful if the facts were as he supposed them to be. A mistake of law, on the other hand, generally will not excuse the commission of an offense. A defendant's error as to his authority to engage in particular activity, if based upon a mistaken view of legal requirements (or ignorance thereof), is a mistake of law. Typically, the fact that he relied upon the erroneous advice of another is not an exculpatory circumstance. He is still deemed to have acted with a culpable state of mind.

*U.S. v. Barker*, 546 F.2d 940, 946-947 (D.C. Cir. 1976)

To the extent that the defendant contends his conduct and relationships with others with whom the government charged he had worked, his contention is unavailing. The admissions in his plea agreement, statement of facts a the plea hearing and description of the defendant's activities in the presentence report all show culpability.

The defendant's plea was voluntary and well-founded. It was not tainted by any failure of his attorney to advance a plausible, much less potentially meritorious, defense.

### C. The Sentence Was Proper

Defendant claims his maximum possible sentence was six months, and that the eight month term he is serving is unlawfully excessive.

As noted, defendant's Plea Agreement waived any right to make this claim. In addition, the Agreement was non-binding, giving me discretion to sentence, if such were appropriate, up to the statutory maximum.

In any event, even on the "merits," the defendant's complaint about this sentence is not well-taken.

4

As noted, the plea agreement left determination of the loss amount for me to determine at sentencing. Until that aspect of the base offense level was ascertained, no one could know the advisory Guideline Range.

As the record of the sentencing hearing reflects, I determined the loss amount to be $150,000. Defendant has offered nothing of substance to call my computation into dispute. The government, moreover, continues to contend that my computation understates the actual losses.

Once having determined that $150,000 was the loss amount for Guideline purposes, I determined that, by adding ten points reflecting the loss amount to the initial base offense level of six, the offense level before acceptance of responsibility was sixteen. Reduced for acceptance of responsibility, the resulting offense level was thirteen. This resulted in an advisory Guideline Range of twelve to eighteen months.

The eight month term I imposed was four months less, rather than two months more than prescribed in the Guidelines.

The defendant confuses my finding regarding restitution with the computation of loss amount. I determined that restitution was not possible because the victims were no longer in existence. That is different from finding that no one suffered any losses.

There is no merit to defendant's challenge to his sentence on its merits.

### D. There Was No Prosecutorial Misconduct

As is customary in this Division of our District, government counsel made his file available for inspection by the defendant's attorney. He knew everything the government knew. Nothing was, or could have been concealed, despite defendant's entirely conclusory assertions to the contrary.

The government did not breach the Plea Agreement, which left final determination and imposition of sentence to me.

## Conclusion

There is no merit to any of the defendant's claims in his § 2255 petition. It is, therefore,

ORDERED THAT the defendant's petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

So ordered.

s/James G. Carr<br>
United States District Judge